IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK THOMAS BAILEY,           )
                                 )
                Petitioner,      )
                                 )
          v.                     )     1:12CV816
                                 )
LARRY DAIL,                      )
                                 )
                Respondent.      )

## MEMORANDUM OPINION AND ORDER

**Auld, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On October 8, 2002, in the Superior Court of Durham County, a jury found Petitioner guilty of first degree statutory rape, sexual offense by a substitute parent, and indecent liberties with a child in cases 01 CRS 51630, 51617 and 51616. (Docket Entry 2, ¶¶ 1, 2, 4-6); see also State v. Bailey, 163 N.C. App. 84, 85, 88, 592 S.E.2d 738, 740, 741, review denied, 358 N.C. 733, 601 S.E.2d 861 (2004). The trial court sentenced Petitioner to prison terms of 300 to 369 months, 15 to 27 months, and 20 to 24 months, respectively. Bailey, 163 N.C. App. at 88, 592 S.E.2d at 741. On February 13, 2004, Petitioner's 15 to 27 month sentence for sexual offense by a substitute parent expired. (See Docket Entry 6, Ex. 1 at 3.)[1]

---

[1] For attachments to Respondent's memorandum in support of his motion for summary judgment, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

Petitioner appealed his convictions (see Docket Entry 2, ¶¶ 8, 9), and the North Carolina Court of Appeals issued an opinion on March 2, 2004, reversing the conviction of sexual offense by a substitute parent in case 01 CRS 51617 and finding no error in the remaining statutory rape and indecent liberties convictions in cases 01 CRS 51630 and 51616. Bailey, 163 N.C. App. at 94-95, 592 S.E.2d at 745. Petitioner, through his appellate counsel, filed a notice of appeal and petition for discretionary review ("PDR") with the North Carolina Supreme Court (Docket Entry 6, Ex. 8), which he dated as submitted on April 3, 2004 (id. at 14, 15) and which that court stamped as filed on April 5, 2004 (id. at 2). The North Carolina Supreme Court dismissed ex mero motu the notice of appeal and denied the PDR by orders dated August 12, 2004. (Docket Entry 6, Ex. 3.)

On or about November 19, 2004, Petitioner, through his appellate counsel, filed a motion for appropriate relief ("MAR") with the state trial court. (Docket Entry 2 at 23.)[2] According to Petitioner, the state trial court allegedly granted the MAR, overturned Petitioner's convictions based on "[two] new laws that [a]ffected [his] case," and ordered a new trial by order dated July 19, 2005. (Id.) Petitioner further alleges that, at a hearing before the state trial court on July 24, 2006, the State voluntarily dismissed with leave all of the charges against

---

[2] For portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

Petitioner.  (Id. at 24.)[3]  Records from the North Carolina Department of Public Safety reflect that, on July 15, 2005, the State released Petitioner from his 300 to 369 month sentence for first degree statutory rape and his 20 to 24 month sentence for indecent liberties.  (Docket Entry 6, Ex. 1 at 3.)[4]

Petitioner thereafter submitted a second MAR pro se to the state trial court which the court accepted as filed on April 13, 2012.  (Docket Entry 2 at 16-107; Docket Entry 6, Ex. 9; see also Docket Entry 6, Ex. 10 (indicating date filed).)[5]  The state trial court summarily denied the MAR by order dated May 30, 2012. (Docket Entry 2 at 108; see also Docket Entry 6, Ex. 10.) Petitioner then submitted a pro se certiorari petition to the North Carolina Court of Appeals seeking review of the order denying his second MAR (Docket Entry 6, Ex. 11), which the Court of Appeals stamped as filed on June 8, 2012 (id. at 2).[6]  The Court of Appeals denied that petition by order dated June 26, 2012.  (Docket Entry 6, Ex. 13.)

---

[3] Neither party has attached copies of Petitioner's first MAR, the state trial court's order granting that MAR or the State's voluntary dismissal of the charges to their filings in this matter.

[4] Petitioner remains incarcerated in State prison and is currently serving three consecutive sentences of 20 to 24 years and nine months, i.e., 240 to 297 months, for two counts of rape of a child under 13 years and one count of first degree sexual offense with a child imposed by a state trial court in Beaufort County on July 12, 2006, in cases 01 CRS 01053805 and 01053806.  (Docket Entry 6, Ex. 1 at 5.)

[5] Petitioner did not indicate anywhere in his second MAR the date on which he signed or submitted it to prison authorities for mailing.  (Docket Entry 2 at 16-107; Docket Entry 6, Ex. 9.)

[6] Petitioner did not properly date his certiorari petition, indicating only the day (4) and year (2012) he signed but not the month.  (See Docket Entry 6, Ex. 11 at 7.)

Petitioner subsequently filed his Petition in this Court (Docket Entry 2), which he dated as signed on July 31, 2012 (id. at 15), and which the Court stamped as filed on August 2, 2012 (id. at 1). Respondent moved to dismiss the Petition based on an alleged lack of jurisdiction (Docket Entry 5) and Petitioner filed a response in opposition (Docket Entry 9). The parties have consented to disposition of this case by a United States Magistrate Judge. (Docket Entry 10.)

## **Claims**

Petitioner raises three claims for relief in his Petition: (1) the State withheld evidence in the form of a statement from one of the four detectives who interrogated Petitioner; (2) law enforcement conducted an illegal search and seizure of Petitioner's vehicle; and (3) law enforcement took three statements from Petitioner over a nine-hour period and used illegally seized items to procure a "false confession." (Docket Entry 2 at 5, 7, 8.)

## **Discussion**

Respondent seeks to have the Petition dismissed for lack of jurisdiction because the convictions and sentences Petitioner attacks in the instant Petition have either been reversed by the North Carolina Court of Appeals (in the case of the sexual offense by a substitute parent charge) or vacated by the state trial court (in the case of the first degree statutory rape and indecent liberties charges). (Docket Entry 6 at 3-5.) Respondent's argument has merit.

Section 2254 provides that a federal court "shall entertain an application for a writ of habeas corpus in behalf of <u>a person in custody pursuant to the judgment of a State court</u> only on the ground that he is <u>in custody in violation of the Constitution or laws or treaties of the United States</u>." 28 U.S.C. § 2254(a) (emphasis added). The United States Supreme Court has interpreted the "in custody" requirement as jurisdictional in nature and has required that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989). Here, the Petition attacks only the three October 8, 2002 sentences the Durham County trial court imposed on Petitioner following his convictions for first degree statutory rape, sexual offense by a substitute parent and indecent liberties with a child. (Docket Entry 2, ¶ 1-6.) Both Petitioner and Respondent agree (<u>see</u> Docket Entry 9 at 1-2; Docket Entry 6 at 1-2), and the record before the Court reflects (<u>see</u> Docket Entry 6, Ex. 1), that Petitioner's 15 to 27 month sentence fully expired on February 13, 2004 (and the underlying conviction was reversed by the North Carolina Court of Appeals on March 2, 2004) and the state trial court reversed Petitioner's remaining convictions and released him from his 20 to 24 month and 300 to 369 month sentences on July 15, 2005. Accordingly, Petitioner is no longer "in custody" under these convictions and sentences and this Court lacks subject matter jurisdiction to entertain the instant Petition.

-5-

Case 1:12-cv-00816-LPA-LPA   Document 11   Filed 09/06/13   Page 5 of 7

As stated above, Petitioner concedes that his three Durham County sentences have been vacated; however, he claims that he "was not ultimately dismissed of the three charges out of Durham" because the State's motion to dismiss with leave was granted, which means that "the State could bring the charges back up at any time." (Docket Entry 9 at 1.) Thus, he argues, he is "not fully clear of these charges." (Id.) Petitioner's argument overlooks the impact of the trial and appellate courts' <u>reversals</u> of his convictions. By reversing all of Petitioner's October 8, 2002 convictions, the state courts rendered those convictions a nullity. It is of no moment that there remains the possibility that the State could bring <u>new</u> charges arising out of the same offenses against Petitioner. The October 8, 2002 convictions and sentences Petitioner seeks to attack in the instant Petition no longer exist.

Petitioner asserts that the Court has jurisdiction to hear the instant Petition because the "charges in Beaufort County came about because of the alleged events that took place in Durham." (Docket Entry 9 at 2.) Petitioner contends that the State used the illegal confession obtained by Durham detectives at his Beaufort County trial and that the Durham detectives testified at his Beaufort County trial. (Id. at 2-3.) Petitioner fails to realize that these contentions amount to attacks on the validity of his <u>Beaufort</u> County convictions and sentences. As Respondent argues (<u>see</u> Docket Entry 6 at 5), if Petitioner seeks to challenge his <u>Beaufort</u> County convictions and sentences through a federal habeas petition, he must file any such petition in the United States District Court for

the Eastern District of North Carolina which encompasses Beaufort County (see Docket Entry 6, Ex. 14 (containing a copy of an October 5, 1966 inter-district order directing that habeas petitions "be filed, heard, and determined in the district court for the district within which the state court was held which convicted and sentenced him").

In sum, the Court lacks jurisdiction to hear the instant Petition.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss (Docket Entry 5) is **GRANTED,** that the Petition (Docket Entry 2) is **DENIED,** and that this action is **DISMISSED.**

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 6, 2013